

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JAMES PUCKETT, individually and on behalf
of any and all similarly situated consumers,

Civil Action No.:

               Plaintiff(s),

  -against-

**CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

UNITED RECOVERY SYSTEMS, LP

               Defendant.
-----------------------------------------------------------------

'11 CIV 3302
JUDGE PAULEY

      Plaintiff JAMES PUCKETT, individually and on behalf of any and all similarly situated consumers ("Plaintiff(s)"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for their Class Action Complaint against the Defendant UNITED RECOVERY SYSTEMS, LP ("Defendant" and/or "URS") respectfully sets forth, complain and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

    2.    Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

    3.    Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

4. Defendant URS is a Texas Corporation engaged in business of collecting debts with its principal place of business located at 5800 North Course Drive, Houston, TX 77072.

5. URS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt ("the alleged debt") from Plaintiff on behalf of a third-party.

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On information and belief, on a date better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving a message on his telephone in February 2011 ("First Message").

13. Defendant's First Message is the following: "Hello, we're trying to contact James Puckett. If you are this person and you would like to speak to a live operator, please press 1. If you are not this person but would like to speak to a live operator, press 2."

14. On information and belief, on a date better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving a message on his telephone in February 2011 ("Second Message").

15. Defendant's Second Message also fails to identify URS as a debt collection agency/debt collector or concerning the collection of the alleged debt.

16. Defendant calls Plaintiff from telephone number 800-568-0399.

17. Defendant's First and Second Messages are a pre-recorded computer generated communication.

18. Defendant does not have the proper policies and procedures in place to ensure that its pre-recorded computer generated communications contain the required §1692e (10) and (11) disclosures.

19. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose or that URS is a debt collection agency thereby violating 15 U.S.C. §1692e(11).

20. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

21. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity on the Plaintiff's voicemail when the Defendant communicated the First and Second Messages to Plaintiff without identifying the name of the caller, the name of the company calling, the purpose and nature of the call, and/or disclosing the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

22. Defendant violated 15 U.S.C. §1692d-preface and (6) and §1692f-preface and (5) by being deceptive, harassing and unfair by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity and therefore causing charges to be made to Plaintiff by concealment of the true purpose of the communication.

23. Plaintiff and class members suffered and continue to suffer from great personal damages as a result of Defendant's actions.

24. Defendant violated the FDCPA.

25. Due to Defendant's gross violations of the FDCPA the Plaintiff and class members have been damaged.

## ALLEGATIONS FOR CLASS ACTION

26. Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers whom Defendant's records reflect resided in the State of New York, along with their successors in interest, who have received similar debt collection letters and/or communications from the Defendant seeking payment of an alleged consumer debt due to URS which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity

related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of URS.

27. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

28. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection letters and/or communications from the Defendant which violates various provisions of the FDCPA.

29. The debt collection letters and/or communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

30. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

(I) Whether the Defendant violated various provisions of the FDCPA;

(II) Whether Plaintiff and the Class have been injured by the Defendant's conduct;

(III) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and,

(IV) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

31. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

32. A class action is superior to other methods for the fair and efficient adjudication of

the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 U.S.C. §1692(k).

33. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

35. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

36. Plaintiffs will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

37. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

38. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a. <u>15 U.S.C. §1692d-preface, (5) and (6)</u>.

    b. <u>15 U.S.C. §1692e-preface, (10) and (11)</u>.

    c. <u>15 U.S.C. §1692f-preface and (5)</u>.

41. As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMES PUCKETT and class members demand judgment from the Defendant UNITED RECOVERY SYSTEMS, LP as follows:

    A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

    C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

    D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

    E. A declaration that the Defendant's practices violated the FDCPA;

    F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT and class members hereby respectfully request a trial by jury

for all claims and issues in their Class Action Complaint to which it is or may be entitled to a jury trial.

Dated:      May 11, 2011

                                        Respectfully submitted,

                                        */s/ Allison Polesky*
                                        Allison Polesky, Esq. (AP5446)
                                        LAW OFFICES OF ALLISON POLESKY, P.C.
                                        511 Avenue of the Americas, Suite 712
                                        New York, New York 10011
                                        Phone:   (866) 479-9500
                                        Facsimile: (866) 688-4300
                                        Attorney for Plaintiff JAMES PUCKETT